UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KASSANDRA GREEN,

                Plaintiff,

v.                                          **DECISION AND ORDER**
                                                **17-CV-1229**

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                Defendant.

**INTRODUCTION**

Plaintiff Kassandra Green brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of Acting Commissioner of Social Security (the "Commissioner"), which denied her applications for supplemental security income ("SSI") and disability insurance benefits ("DIB") under Title II of the Act. Dkt. No. 1. This Court has jurisdiction over this action under 42 U.S.C. § 405 (g).

Both parties have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Dkt. Nos. 8, 12. For the reasons that follow, Plaintiff's motion is GRANTED, and the Commissioner's motion is DENIED.

**BACKGROUND**

On January 15, 2014, the plaintiff protectively filed applications for SSI and DIB with the Social Security Administration ("SSA") alleging disability since December 27, 2013, due to back pain, a herniated and bulging disc at L5-S1, neck pain,

1

brain lesion, asthma, and high blood pressure.  Tr.[1] 181-193, 228.  On April 17, 2014, the plaintiff's claims were denied by the SSA at the initial level.  Tr. 60-61.  On May 9, 2016, the plaintiff appeared with her attorney and testified before Administrative Law Judge P.H. Jung ("the ALJ").  Tr. 30-54.  During the hearing the plaintiff requested a closed period of disability from December 27, 2013 until February 1, 2016.[2]  Tr. 38.  On July 18, 2016, the ALJ issued a decision finding the plaintiff was not disabled within the meaning of the Act.  Tr. 14-29.  Plaintiff timely requested review of the ALJ's decision, which the Appeals Council denied on September 25, 2017.  Tr. 8-14.  Thereafter, the plaintiff commenced this action seeking review of the Commissioner's final decision.  Dkt. No. 1.

**LEGAL STANDARD**

I. **District Court Review**

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g).  The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence.  42 U.S.C. § 405(g).  "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009)

---

[1] References to "Tr." are to the administrative record in this matter.
[2] The plaintiff testified that she worked after February 1, 2016, and believes she is capable of working as of that date.  Tr. 38.

2

(quotation marks omitted).  It is not the Court's function to "determine *de novo* whether [the claimant] is disabled."  *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

## II. Disability Determination

An ALJ must follow a five-step process to determine whether an individual is disabled under the Act.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987).  At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity.  *See* 20 C.F.R. § 404.1520(b).  If so, the claimant is not disabled.  If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities.  20 C.F.R. § 404.1520(c).  If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled."  If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings").  20 C.F.R. § 404.1520(d).  If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled.  If not, the ALJ determines the claimant's

3

residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to demonstrate that the claimant "retains a residual functional capacity to perform the alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ's decision analyzed the plaintiff's claim for benefits under the process described above. The ALJ found the plaintiff met insured status requirements of the SSA through December 31, 2016. Tr. 19. At step one, the ALJ found that the plaintiff had not engaged in substantial gainful activity since December 27, 2013.[3] *Id.* At step two, the ALJ found the plaintiff has the following severe impairments: degenerative disc disease of the cervical and lumbar spine with spondylosis and

---
[3] Although the plaintiff worked after the alleged disability onset date, the ALJ found her work activity did not rise to the level of substantial gainful activity. Tr. 19.

obesity. Tr. 20. At step three, the ALJ found that these impairments, alone or in combination, did not meet or medically equal any listings impairment. *Id.*

Next, the ALJ determined that the plaintiff retained the RFC to lift or carry twenty pounds occasionally and ten pounds frequently; stand or walk six hours in an eight-hour workday; never climb ladders, ropes or scaffolds; occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl; and avoid frequent exposure to extreme cold, wetness, vibration and hazards. Tr. 20-21. At step four, the ALJ determined the plaintiff is unable to perform any past relevant work. Tr. 24. At step five, the ALJ relied on the VE's testimony and found that the plaintiff can perform other work that exists in significant numbers in the national economy given her RFC, age, education, and work experience. Tr. 25. Specifically, the VE testified that the plaintiff could work as an office helper, a marker, and a mail clerk. *Id.* Accordingly, the ALJ concluded that the plaintiff was not disabled from December 27, 2013, through July 18, 2016, the date of his decision. Tr. 25-26.

**II.     Analysis**

Plaintiff argues the ALJ erred by: (1) rejecting the only medical opinion of record from Anandaram Herle, M.D. ("Dr. Herle") in determining the plaintiff's physical RFC; and (2) by improperly evaluating the plaintiff's credibility.[4] Dkt. No. 8, at 14-15. The Commissioner contends that the ALJ's decision is supported by substantial evidence where the ALJ properly evaluated the medical opinion as well as the plaintiff's

---

[4] Because this Court finds the ALJ erred by rejecting Dr. Herle's opinion, warranting remand for further proceedings, this decision does not address the plaintiff's remaining argument.

subjective complaints regarding her physical limitations. Dkt. No. 12 at 11. This Court finds that remand is warranted for the reasons that follow.

> **A. The ALJ's RFC determination is not supported by substantial evidence because he discounted the only medical opinion, creating a gap in the record.**

In deciding a disability claim, an ALJ is tasked with "weigh[ing] all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013). Specifically, the ALJ should consider "a claimant's physical abilities, mental abilities, symptomatology, including pain and other limitations which could interfere with work activities on a regular and continuing basis." *Gross v. Astrue*, No.12-CV-6207P, 2014 WL 1806779 at * 16 (W.D.N.Y. May 7, 2014) (internal citation omitted). An ALJ's conclusion need not "perfectly correspond with any of the opinions of medical sources cited in his decision." *Id.* Although the ALJ is free to choose between properly submitted medical opinions, he may not substitute his own lay opinion for those of medical experts. *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998). "[A]n ALJ's RFC determination without a medical advisor's assessment is not supported by substantial evidence." *Williams v. Comm'r of Soc. Sec.*, 366 F.Supp.3d 411, 416 (W.D.N.Y. Mar. 8, 2019) (quotation and citation omitted).

Dr. Herle authored a physical residual functional capacity assessment for the plaintiff on January 24, 2014. Tr. 303-07. Other than the assessment authored by Dr. Herle, the record contains no medical opinion evidence. Dr. Herle diagnosed the plaintiff with cervical and lumbar spondylosis; identified bulging and degenerating discs;

6

and indicated treatment including therapy and pain medication (Hydrocodone) for the plaintiff's neck and low back pain. Tr. 303. Dr. Herle found the plaintiff incapable of tolerating even "low stress" jobs and opined that her experience of pain or other symptoms would be severe enough to frequently interfere with the attention and concentration necessary to perform even simple work tasks. *Id.* He opined that the plaintiff could walk two city blocks without rest or severe pain; could sit and stand for thirty minutes at one time, but only for less than two hours of an eight-hour workday; would require five minute periods of walking around every 90 minutes during the workday; would need to shift positions from sitting, standing, or walking at will with unscheduled work breaks; and would need to elevate her legs. Tr. 304-05. He also opined that the plaintiff would frequently be able to lift less than ten pounds, occasionally ten pounds, and rarely twenty pounds; could occasionally look down, turn her head left or right, look up, and hold her head in a static position; and could occasionally twist, stoop, crouch/squat, climb ladders, and climb stairs. Tr. 304-07. Dr. Herle concluded that the plaintiff would miss more than four days per month due to her impairments or treatment. Tr. 307.

In his decision, the ALJ accorded "little weight" to the portion of Dr. Herle's opinion indicating that the plaintiff was limited to less than sedentary work; with lifting less than ten pounds frequently, ten pounds occasionally, and twenty pounds rarely; and sitting, standing, or walking less than two hours in an eight-hour workday. Here, the ALJ noted there were no treatment notes from Dr. Herle, aside from his referral to Vikas Pilly, M.D. ("Dr. Pilly") in March 2013 and that Dr. Herle's opinion was not

7

supported by the evidence in the record. Tr. 22, 24. Ultimately, the ALJ found the plaintiff capable of lifting or carrying twenty pounds occasionally and ten pounds frequently; capable of standing or walking six hours in an eight-hour workday; prohibited from climbing ladders, ropes, or scaffolds; capable of occasional climbing of ramps and stairs; and occasional balancing, stooping, kneeling, crouching, and crawling. Tr. 21.

Here, the plaintiff contends that the ALJ created a gap in the record by rejecting the only medical opinion of record concerning the plaintiff's physical functional capacity and then impermissibly relying on his own lay opinion to determine the plaintiff retained the RFC to perform light work with some restrictions. Dkt. No. 8, p.9 (citing *Gross*, No. 12-CV-6207P, 2014WL1806779, at *16 (W.D.N.Y. May 7, 2014); *Zayas v. Colvin*, No. 15-CV-6312-FPG, 2016 WL 176959, at *5 (W.D.N.Y. May 2, 2016)). The Commissioner contends that the ALJ did not err in rejecting Dr. Herle's opinion where his RFC determination is "consistent with the record as a whole" and asserts that the plaintiff fails to acknowledge the medical and non-medical evidence that supports the ALJ's RFC finding. Dkt. No. 12 at 129 (citing *Matta*, 508 F. App'x 53, 56 (2d Cir. 2013)).

The Commissioner's reliance on *Matta* is not persuasive. In *Matta*, the Second Circuit Court of Appeals held that the ALJ did not substitute his own judgment where his RFC determination did not perfectly align with any of the four medical opinions that he addressed in his decision because he was entitled to weigh all of the evidence available to make an RFC finding consistent with the record as a whole. 508 Fed. Appx. 53, 56 (2d Cir. 2013). Unlike the ALJ in *Matta*, the ALJ in this case reviewed

and discredited the *only* medical opinion in the record regarding the plaintiff's physical functional limitations. The Commissioner asserts that the ALJ's decision is supported by the record as a whole. However, the ALJ's RFC determination conflicts with Dr. Herle's medical opinion and the plaintiff's testimony. As the ALJ noted in his decision, the plaintiff testified that she suffered from neck and back pain prior to February 2016 which allegedly prevented her from working up until that time because she was unable to stand or sit for longer than 30 to 45 minutes. Tr. 21. The ALJ also noted the plaintiff's functional report where she reported that she was unable to lift, stand, or walk for prolonged periods. Tr. 21. Here, in determining the plaintiff's RFC, the ALJ proceeded to evaluate the plaintiff's objective medical test results including MRI exams, X-rays, EMG's, and nerve conduction studies, the results of which he found did not support the limitations assessed by Dr. Herle. Tr. 23. This Court also notes the ALJ misstated that there were no other treatment records from Dr. Herle aside from his referral to Dr. Pilly. To the contrary, the record contains the plaintiff's treatment records with Dr. Herle from visits in November 2013, January 2014, and February 2014. Tr. 354-55, 359-60, 365-66.

"An ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Zayas*, at *4 (W.D.N.Y. May 2, 2016). Accordingly, this Court finds that ALJ's rejection of the *only* medical opinion concerning the plaintiff's physical functional capacity, given her severe impairments, created an evidentiary gap in the record warranting remand for further

9

proceedings.  *See Rosa*, 168 F.3d at 82-83 ("Where there are gaps in the administrative record or the ALJ has applied an improper legal standard, we have, on numerous occasions, remanded to the [Commissioner] for further development of the evidence.") (internal quotation marks omitted). On remand, the Commissioner is directed to obtain a medical opinion regarding the plaintiff's physical functional capacity from a treating or consultative source, or to have a medical expert testify at the hearing.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 8) is GRANTED and Defendant's Motion (Dkt. No. 12) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g).  The Clerk of Court is directed to enter judgment and close this case.

DATED:     Buffalo, New York
           May 31, 2019

*s/ H. Kenneth Schroeder, Jr*.
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**